UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
1:15-cv-132-FDW

| | |
|---|---|
| **DUSTIN EARL JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **HENDERSON COUNTY** ) | |
| **DETENTION DENTER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e); 1915A. On September 30, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.    BACKGROUND**

Pro se Plaintiff Dustin Earl Jones is a pre-trial detainee currently incarcerated at the Henderson County Detention Center. Plaintiff filed this action on July 6, 2015, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Henderson County Detention Center; (2) Jenny LNU, identified as "the Deputy who shot me with tazer"; (3) and Darla LNU, identified as an employee of the "Medical Staff/Medical Carrier of the Henderson County Detention Center." Plaintiff alleges that on May 16, 2015:

> I . . . [w]as attacked in my cell at Henderson County Detention Center. I am a keep away on 23-hour lock down. I was in my cell and had just finished my lunch tray and was at my cell door waiting to place my tray and was at my cell door waiting to place my tray outside

> it. They do not allow inmates to be out during lunch. Only after lunch to pick up trays. On this day they had let some inmates out before we put our trays out . . . . They watch our doors opening them one at a time so we can place our trays outside of them. [Another inmate] had walked to my door and was pacing back and forward in front of it waiting on them to open it.
>
> When they opened it [the other inmate] leaped in my cell and started attacking me by punching me in the head and face. While watching they close[d] the door behind him where I cannot escape the attack. Finally they come to the door open it and shoot me with a tazer. They start tazing me while I am still being attacked. After finally stopping the attack the nurse checks me deciding immediately I need to go to the nearest emergency room. While taking me out they inform me that it was a rule that I had to be charged with assault and battery, lose my canteen and visitations for 2 weeks.
>
> I get to the hospital . . . where the doctors and nurses have to glue my eye brow back together.
>
> Both my eyes were black and my right eye was swelled shut. The doctor requested me seeing a follow-up with a specialist for the wounds and to check my vision which I never got. It took weeks for my face to heal but the trauma and fear from the attack never has. Every time the doors open and close I am traumatized. I can't sleep or eat well. These doors open all day and night and are very noisy. I stay in fear and am very jumpy. They later charged me with assault and battery . . . . It was dismissed but is still on my record where I was charged and looks very bad on my court case and I am still traumatized and remain in fear. And I am permanently scarred on my face.

(Doc. No. 1 at 6). Plaintiff seeks $2 million in compensatory damages, dismissal of the criminal charges against him, and immediate release. (Id.).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

Here, Plaintiff has not specified the precise legal claims he purports to bring against Defendants. However, it appears that he is attempting to bring failure to protect and excessive force claims based on the incident in which he fought with another inmate in his cell and was tazed by Defendant Jenny LNU. He also appears to be attempting to bring a claim for deliberate indifference to serious medical needs against Defendant Darla LNU based on his allegations that he was denied proper medical treatment after his injury.

First, as to Plaintiff's excessive force claim, the United States Supreme Court recently held that "pretrial detainees (unlike convicted prisoners), cannot be punished at all, much less 'maliciously and sadistically'" and "that the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015). Therefore, "in the absence of an expressed intent to punish, a pretrial detainee can ... prevail [on an excessive force claim] by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id. at 2473 (quoting Bell v. Wolfish, 441 U.S. 520, 561 (1979)).

3

As to Plaintiff's deliberate indifference claim, courts evaluate confinement conditions of pretrial detainees under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). "Pretrial detainees, like inmates under active sentence, are entitled to medical attention, and prison officials violate detainee[s'] rights to due process when they are deliberately indifferent to serious medical needs." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). "An officer is deliberately indifferent only when he 'knows of and disregards' the risk posed by the serious medical needs of the inmate." (Id.) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Finally, as to Plaintiff's failure to protect claim, to state a claim for damages against a prison official for failure to protect an inmate from violence by other inmates, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. See, e.g., Farmer v. Brennan, 511 U.S. at 833-35.

Here, taking as true Plaintiff's allegations, and construing all inferences in his favor, the Court finds that Plaintiff's allegations survive initial review as to Plaintiff's excessive force and failure to protect claim against Defendant Jenny LNU in that Plaintiff's claims are not clearly frivolous. As to Defendant "Darla LNU," Plaintiff does not allege any personal participation as to

4

this Defendant anywhere in his Complaint.  Before dismissing Plaintiff's claim as to "Defendant LNU," the Court will give Plaintiff an opportunity to amend his Complaint to allege specifically how Defendant "Darla LNU" was deliberately indifferent to Plaintiff's serious medical needs.  The Court hereby warns Plaintiff that failure to amend the Complaint to add more specific factual allegations as to Defendant Darla LNU will likely result in a dismissal as to this Defendant.

Finally, the "Henderson County Detention Center" will be dismissed as a Defendant because it is not a legal entity capable of being sued.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's allegations survive initial review as to Defendants Jenny LNU and Darla LNU in that Plaintiff's claims are not clearly frivolous.  The Henderson County Detention Center will be dismissed as a Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants Jenny LNU and Darla LNU.  See 28 U.S.C. §§ 1915(e); 1915A.  The Henderson County Detention Center is dismissed as a Defendant.

2. The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and identify Defendants in the summonses for service of process, and then return the summonses to the Court.  Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service.  That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability.  **Plaintiff shall return the completed summonses to the Clerk within 20 days of service of this**

**order. Failure by Plaintiff to complete said summonses properly, including by providing addresses suitable for service, or to return the properly completed summonses as directed will result in dismissal of this action pursuant to Fed. R. Civ. P. 4(m)**.

3. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants pursuant to Fed. R. Civ. P. 4(c)(1) and (3).

Frank D. Whitney
Chief United States District Judge