UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-132-FDW

| DUSTIN EARL JONES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| HENDERSON COUNTY | ) |  |
| DETENTION DENTER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on a Motion to Dismiss or Alternatively Motion to Quash Service, brought on behalf of Defendant Darla Dunaway.[1] (Doc. No. 11). Defendant Dunaway is represented by Thomas J. Ludlam of the law firm of Nexsen Pruet, PLLC. (Doc. No. 14).

I. BACKGROUND

Pro se Plaintiff Dustin Earl Jones is a pre-trial detainee currently incarcerated at the

---

[1] Defendant Dunaway is a former employee of Southern Health Partners, Inc. ("SHP"), which contracts with Henderson County to provide medical services inside the Henderson County Detention Center. Defendant Dunaway worked for SHP at the Henderson County Detention Center, but she has not worked there (or for SHP at all) since June 30, 2015. Plaintiff's initial attempts at service upon Defendant Dunaway failed, but the U.S. Marshal later served process on Dunaway, and she has filed an Answer through counsel. (Doc. No. 16). The motion to dismiss argued for dismissal both on the merits and based on insufficient service of process; further, the motion stated that it was brought by SHP on Dunaway's behalf since Dunaway had not been served when the motion was filed. In a Reply to Plaintiff's Response to the motion to dismiss, Defendant Dunaway states that she adopts the previous motion to dismiss filed by SHP. Defendant Dunaway further states that she is no longer pursuing dismissal based on failure to serve process.

1

Henderson County Detention Center. Plaintiff filed this action on July 6, 2015, pursuant to 42 U.S.C. § 1983, naming the following individuals as Defendants: (1) Henderson County Detention Center; (2) Defendant Jenny Griffith, named in the Complaint as "Jenny LNU," and identified as "the Deputy who shot me with tazer"; (3) and Darla Dunaway, named in the Complaint as "Darla LNU," and identified as an employee of the "Medical Staff/Medical Carrier of the Henderson County Detention Center." Plaintiff alleged in the Complaint that on May 16, 2015:

> I . . . [w]as attacked in my cell at Henderson County Detention Center. I am a keep away on 23-hour lock down. I was in my cell and had just finished my lunch tray and was at my cell door waiting to place my tray and was at my cell door waiting to place my tray outside it. They do not allow inmates to be out during lunch. Only after lunch to pick up trays. On this day they had let some inmates out before we put our trays out . . . . They watch our doors opening them one at a time so we can place our trays outside of them. [Another inmate] had walked to my door and was pacing back and forward in front of it waiting on them to open it.
> When they opened it [the other inmate] leaped in my cell and started attacking me by punching me in the head and face. While watching they close[d] the door behind him where I cannot escape the attack. Finally they come to the door open it and shoot me with a tazer. They start tazing me while I am still being attacked. After finally stopping the attack the nurse checks me deciding immediately I need to go to the nearest emergency room. While taking me out they inform me that it was a rule that I had to be charged with assault and battery, lose my canteen and visitations for 2 weeks.
> I get to the hospital . . . where the doctors and nurses have to glue my eye brow back together.
> Both my eyes were black and my right eye was swelled shut. The doctor requested me seeing a follow-up with a specialist for the wounds and to check my vision which I never got. It took weeks for my face to heal but the trauma and fear from the attack never has. Every time the doors open and close I am traumatized. I can't sleep or eat well. These doors open all day and night and are very noisy. I stay in fear and am very jumpy. They later charged me with assault and battery . . . . It was dismissed but is still on my record where I was charged and looks very bad on my court case and I am still traumatized and remain in fear. And I am permanently scarred on my face.

(Doc. No. 1 at 6). Plaintiff seeks $2 million in compensatory damages, dismissal of the criminal charges against him, and immediate release. (Id.).

Upon initial review by the Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court dismissed the Henderson County Detention Center as a defendant and allowed the claims against

"Jenny LNU" and "Darla LNU" to move forward. (Doc. No. 7 at 5). The Court noted, however, that the Complaint lacked facts regarding Defendant "Darla LNU," stating:

> As to Defendant "Darla LNU," Plaintiff does not allege any personal participation as to this Defendant anywhere in his Complaint. Before dismissing Plaintiff's claims as to "Defendant [Darla] LNU," the Court will give Plaintiff an opportunity to amend his Complaint to allege specifically how Defendant "Darla LNU" was deliberately indifferent to Plaintiff's serious medical needs. <u>The Court hereby warns Plaintiff that failure to amend the Complaint to add more specific factual allegations as to Defendant Darla LNU will likely result in a dismissal as to this Defendant</u>.

(Id. at 4-5) (emphasis added). Since the Court entered its order, Plaintiff has not amended his Complaint to add any factual allegations against Defendant Dunaway. On December 29, 2015, non-party Southern Health Partners, Inc. ("SHP") filed the pending motion to dismiss on behalf of Defendant Dunaway, seeking dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (Doc. No. 11). Plaintiff filed a Response on February 18, 2016, and Defendant Dunaway filed a Reply on February 29, 2016. (Doc. Nos. 18; 19).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss,

---

[2] As noted, <u>supra</u>, the motion to dismiss also sought dismissal based on Rule 4(e) of the Federal Rules of Civil Procedure for lack of service of process, but Defendant is no longer seeking dismissal on this ground.

3

factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the Plaintiff. Priority Auto Grp., Inc. v. Ford Motor Credit Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Plaintiff purports to bring a claim against Defendant Dunaway for deliberate indifference to serious medical needs. Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[3] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under

---

[3] Because Plaintiff was a pre-trial detainee when the alleged deliberate indifference occurred, his deliberate indifference claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); but see Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment).

the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical

5

clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

## III.  DISCUSSION

In support of the motion to dismiss, Defendant Dunaway contends that the allegations against her are subject to dismissal because Plaintiff has not stated sufficient facts alleging a claim against her for deliberate indifference to serious medical needs.  The Court agrees.  Plaintiff's Response purported to bring additional allegations regarding Defendant Dunaway, but he has still not amended the Complaint to allege factual allegations supporting a claim against Defendant Dunaway for deliberate indifference to serious medical needs.  Furthermore, neither the allegations in the Complaint nor the additional allegations in Plaintiff's Response state a cognizable claim against Defendant Dunaway for deliberate indifference to serious medical needs.  That is, the only reference to Defendant Dunaway in the initial Complaint is a purported response by Larry Blackwell (whose role is not identified) on June 25, 2015, to a grievance Plaintiff submitted the same day, regarding injuries Plaintiff allegedly received in an altercation with another inmate.  (Doc. No. 1 at 4).  The Complaint alleges that Larry Blackwell's response stated, "I have been in contact with the nurses [sic] station including Darla at home. She will look into this situation as soon as she arrives to work in the morning."  (Id.).  Other than this stated response from Blackwell, there are simply no factual allegations regarding any medical treatment given or refused by Defendant Dunaway.  Furthermore, Plaintiff's allegations in his Complaint indicate that he was treated appropriately for his injuries.  Indeed, Plaintiff alleges that a nurse assessed Plaintiff after the alleged assault by a fellow inmate, and "immediately" sent him to be seen at the emergency room.  See (Doc. No. 1 at 6).  Plaintiff further alleges that his eyebrow wound was repaired at the hospital with tissue adhesive.  (Id.).

Next, Plaintiff stated in his Response to the motion to dismiss:

> I feel that since an emergency room physician recommended [sic] that I have further treatment, and wrote out the request which was given to the Henderson County Detention Center and the Head Nurse Darla LNU, which I never received, that I was neglected in my treatment. I was never checked on and was given no further treatment. I was left to suffer and still haven't had my vision checked.

(Doc. No. 18 at at 1-2). Even if Plaintiff's Response were construed as amending the Complaint, these additional allegations do not cure the defects in the original Complaint as to any purported claim of deliberate indifference against Defendant Dunaway.

Finally, as Defendant additionally notes, Plaintiff does not identify the specific serious medical needs from which he was purportedly suffering. That is, Plaintiff alleges the emergency room physician recommended "a follow up with a specialist for the wounds and to check my vision, which I never got." Id. Plaintiff's Complaint and Response to the motion to dismiss are altogether silent, however, with respect to why Plaintiff's vision needed to be checked. His Complaint and Response are also silent regarding what additional treatment was necessary for his wounds after they were repaired at the hospital. Accordingly, Plaintiff has not alleged any facts indicating that Plaintiff's alleged vision problem or facial wounds (post-repair) rise to the level of a "serious" medical need that would trigger the protections of Section 1983. See Carr v. Head, No. 1:07-cv-180-03-MU, 2007 WL 1500820, at *3 (W.D.N.C. May 21, 2007) (dismissing Section 1983 claim where plaintiff failed to allege further injury from refusal to allow him to attend follow-up appointment after emergency room visit.). Without allegations of a serious medical need, Plaintiff has failed to allege an essential element of a deliberate indifference claim, and dismissal is therefore warranted.[4] Id.

---

[4] The Court also agrees with Defendant Dunaway that, to the extent that Plaintiff attempts to bring a medical malpractice claim against her, he has not complied with Rule 9(j) of the North

In sum, Plaintiff failed to plead facts establishing the essential elements of a claim for deliberate indifference against Defendant Dunaway. Accordingly, Plaintiff's claim against Defendant Dunaway is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**IV. CONCLUSION**

For the reasons stated herein, Plaintiff's claim against Defendant Dunaway is dismissed.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant's Motion to Dismiss, (Doc. No. 11), is **GRANTED**, and Plaintiff's claim against Defendant Dunaway is dismissed.

(2) The sole remaining Defendant in this action is Defendant Jenny Griffith, named in the Complaint as "Jenny LNU," who is alleged to have used excessive force against Plaintiff. The Court will enter a scheduling order so that discovery may commence as to Plaintiff's claim against this remaining Defendant.

Frank D. Whitney
Chief United States District Judge

---

Carolina Rules of Civil Procedure.