UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-132-FDW

| | |
|---|---|
| DUSTIN EARL JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>HENDERSON COUNTY )<br>DETENTION DENTER, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on periodic status review following the return of mail sent to Plaintiff's listed address as undeliverable. On December 12, 2016, the Court entered an order under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of Defendant's pending summary judgment motion. (Doc. No. 29). Plaintiff's current address is listed on the docket report as the Henderson County Detention Center in Hendersonville, North Carolina. On December 27, 2016, the Court received notice that this Court's order was being returned as undeliverable, as Plaintiff is no longer at that address. (Doc. No. 30). Furthermore, a notation on the docket report indicates that Plaintiff has been released from the custody of the North Carolina Department of Public Safety, with no forwarding address provided for Plaintiff. See (Doc. No. 31). Thus, there is no updated address for the Court to contact Plaintiff.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any

1

changes in his mailing address."). Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute. Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail). Before dismissing this action for failure to prosecute, the Court will give Plaintiff ten days in which to notify the Court of his updated address.[1]

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have ten days from service of this Order in which to notify the Court of his change in address.

2. The Clerk is directed to mail this Order to Plaintiff's address as listed on the Court's docket report.

Signed: January 3, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] Of course, since Plaintiff is no longer incarcerated at the Henderson County Detention Center, this Order will likely be returned as undeliverable. Nevertheless, this Order serves as an official warning to Plaintiff before the Court dismisses this action for failure to prosecute.